NEW CENTURY COLOR PLATE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10986.   Promulgated February 27, 1928.

*Walter J. Bartnett, Esq.*, for the petitioner.
*L. L. Hight, Esq.*, for the respondent.

OPINION.

PHILLIPS: The Commissioner has determined that certain intangibles acquired by petitioner in 1914 had no cash value at the time of their acquisition.

Section 326 (a) (4) of the Revenue Act of 1918 defines "invested capital" as meaning "intangible property bona fide paid in for stock or shares prior to March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest."

Twenty-five per cent of petitioner's outstanding capital stock on March 3, 1917, amounted to $18,875. It is this amount which petitioner now claims the right to include in invested capital for intangibles.

There is in the record opinion evidence that the intangibles acquired by the petitioner at organization had a value in excess of the maximum amount at which they may be included in its invested capital. This opinion is supported by the action of persons familiar with the processes acquired, who not only spent $30,000 in development in the four preceding years but also advanced substantial amounts of additional cash at the time petitioner was organized. The only basis for doubt is the testimony that during the first year the new company sustained an operating loss and that in the succeeding year its profits were modest. Thereafter the profits were substantial. Considering that the predecessor companies had been

engaged in perfecting the process and not in developing its commercial possibilities and that this task was first undertaken by petitioner, some operating loss might reasonably have been expected and, in our opinion, does not serve to overcome the other evidence of value. Rather, the fact that the losses in the first year were small, that there were some profits in the second year and substantial profits thereafter, all tend to confirm the opinion that these processes were valuable.

*Decision will be entered under Rule 50.*